UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PATTERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>K. HARRINGTON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE No.   1:12-cv-00440-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**FIRST SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

　　Plaintiff Ronald Patterson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed March 23, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

-1-

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. **SUMMARY OF COMPLAINT**

Plaintiff alleges that while incarcerated at Kern Valley State Prison ("KVSP"), and classified as a security Level III inmate, he was housed in the Facility B Level III Gym/Dormitory ("Gym"), a sub-facility within a Level IV facility. This caused Level III inmates like Plaintiff to be mixed with higher security Level IV inmates, thereby endangering Plaintiff and violating his Fourth, Eighth and Fourteenth Amendment

rights.[1] (Compl. at 6-7.) He was housed in this way pursuant to KVSP Operational Procedure #216 ("OP 216") which Defendants adopted and implemented even though internally inconsistent and contrary to the housing guidelines at Cal. Code Regs. tit. 15 §§ 3377(c), 3375.1(a)), and the California Department of Corrections, Department Operational Manual ("DOM") at §§ 62010, 62010.5. (Id. at 6-7.)

Plaintiff filed a prison appeal seeking repeal of OP 216 and cessation of Gym housing. (Id. at 11.) His appeal was denied at the Third Level. (Id.)

He names as Defendants (1) Harrington, KVSP Warden, (2) Lawless, KVSP Chief Deputy Warden, (3) Denney, KVSP Associate Warden, and (4) Amaya, KVSP Correctional Sergeant. (Id. at 3.)

He seeks monetary compensation and unspecified injunctive relief. (Id. at 9.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

---

[1] The Fourth Amendment right against unreasonable searches and seizures is not an element of due process guaranteed by the Fourteenth Amendment, Mackey v. Chandler, 152 F.Supp. 579, 582 (W.D.S.C. 1957). Plaintiff fails to allege facts implicating his Fourth Amendment rights.

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### B. Fourteenth Amendment

#### 1. Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint

imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

Plaintiff fails to identify any liberty interest or allege other facts to suggest he was deprived of a protected interest without procedural due process. He fails to allege facts suggesting atypical and significant hardship in relation to Gym housing. He has not alleged the circumstances under which he was housed in the Gym, how long he was housed there, how he mixed with Level IV inmates, if at all, and whether he actually suffered any harm as a result or was genuinely exposed to other than a purely theoretical risk of such harm.

An inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's classification decisions). "There is no constitutional right for a state prisoner . . . to be housed in a particular portion or unit of a correctional institution." Merriweather v. Reynolds, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing Olim v. Wakinekona, 461 U.S. 238 (1983).

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). Plaintiff does not have a due process liberty interest in his classification or program. Hewitt, 459 U.S. at 468, overruled on other grounds by Sandin, 515 U.S. at 472; accord Hernandez v. Johnson, 833 F.2d 1316, 1318 (9th Cir. 1987).

Additionally, OP 216 could be validated if reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff fails to allege any facts suggesting OP 216 is other than reasonably related to penological goals, or

how OP 216 is internally inconsistent or contrary to Cal. Code Regs. tit. 15 §§ 3377(c), 3375.1(a)) and DOM §§ 62010, 62010.5 so as to violate his rights. That OP 216 allows Level III inmates to attend class with Level IV inmates while prohibiting mixing of such inmates on the yard and in the Gym is not alone sufficient to suggest OP 216 is unreasonable or arbitrary, or contrary to Cal. Code Regs. tit. 15 §§ 3377(c), 3375.1(a)) and DOM §§ 62010, 62010.5. The Court takes notice that Cal. Code Regs. tit. 15 § 3375.1(b) appears to allow for a sub-facility within a higher security facility, and nothing in Cal. Code Regs. tit. 15 § 3377 and DOM 62010.5 seems to preclude that.[2] "Where the state regulation is neither unreasonable nor arbitrary, the courts will not interfere with the administrative functions of state prisons." Brooks v. Wainwright, 428 F.2d 652, 653 (C.A. Fla. 1970).

Plaintiff fails to allege facts sufficient to claim a due process violation. If Plaintiff chooses to amend he must allege facts demonstrating Defendants' violation of an identified liberty interest pursuant to the above standards.

### 2. Equal Protection

Plaintiff alleges Defendants have acted with intent to deny him equal protection of law.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano, 345 F.3d at 1082, see also Lee v.

---

[2] The Court can not locate a § 62010 within the DOM.

City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently (disparately) without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness, specifically whether the actions of prison officials are "reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004), citing Turner, 482 U.S. at 89. Although the Equal Protection Clause ensures similarly situated persons are treated alike, it does not ensure absolute equality. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), citing U.S. v. Devlin, 13 F.3d 1361, 1363 (9th Cir. 1994), citing Ross v. Moffitt, 417 U.S. 600, 612 (1974).

Plaintiff fails to allege facts suggesting his membership in a protected class, or that similarly situated individuals were treated differently.

The Court will allow Plaintiff an opportunity to amend this claim. To the extent that Plaintiff elects to pursue a claim of violation of his right to equal protection, he must allege facts of Defendants' intentional discrimination against him based on his membership in a constitutionally protected class, or that similarly situated individuals were intentionally treated differently (disparately) without a rational relationship to a legitimate state purpose.

       3.     Prison Grievance

Plaintiff may allege improper denial of his prison grievance in violation of his due process rights.

In <u>Mann v. Adams</u>, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in <u>Ramirez v. Galarza</u>, 334 F.3d 850, 860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure.

Plaintiff will not be given leave to amend this claim.

**C.     Eighth Amendment**

1.     <u>Deliberate Indifference</u>

Plaintiff alleges that housing him in the Gym with Level IV inmates created a risk of harm which Defendants disregarded in violation of Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. 837, 847 (1994). Prison officials are required to take reasonable

measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence. Farmer, 511 U.S. at 832–33; see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[T]he official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw [n] the inference." Farmer, 511 U.S. at 837.

Here Plaintiff claims being housed in the Gym endangered his life. However, while he references unspecified "numerous altercations plus lawsuits" resulting from mixing Level III and Level IV inmates on the same yard, he includes no facts suggesting how this posed a substantial risk of serious harm to him.

The Court will allow an opportunity to amend to correct the noted deficiency. In order to state a cognizable claim, Plaintiff must set forth sufficient facts plausibly claiming the above noted elements attributable to each defendant.

### D.     Injunctive Relief

Plaintiff seeks unspecified injunctive relief against the Defendants.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary

relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Here it appears Plaintiff has transferred from KVSP, where the alleged rights violations took place, to Chuckawalla Valley State Prison, Blythe, California. (ECF No. 6.) As to Defendants, injunctive relief is moot unless, as is not the case here, there is an expectation that Plaintiff will be returned to their custody. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review.'" Preiser, 422 U.S. 395 at 403, quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911).

Furthermore, nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Nothing before the Court suggests Plaintiff is presently being denied his Eighth and Fourteenth Amendment rights.

Plaintiff's allegations do not support an entitlement to injunctive relief. The Court will not allow leave to amend in this regard.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant him an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122,

1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 667-68. He must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678, quoting Twombly, 550 U.S. at 555. He must also demonstrate that each named Defendant personally participated in a deprivation of his rights under color of state law. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). He should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed March 23, 2012,

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   September 19, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE