# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RONALD PATTERSON,

                      Plaintiff,

     v.

K. HARRINGTON, et al.,

                  Defendants.

_____/

CASE No. 1:12-cv-00440-MJS (PC)

ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM

(ECF No. 8)

DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)

CLERK TO CLOSE CASE

## SECOND SCREENING ORDER

**I.    PROCEDURAL HISTORY**

      Plaintiff Ronald Patterson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed March 23, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Complaint was dismissed for failure to state a claim, but Plaintiff was given leave to file an amended pleading. (ECF No. 7.) Plaintiff filed a First Amended

-1-

Complaint. (ECF No. 8.) The First Amended Complaint is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") where the alleged events giving rise to his claims occurred.

Plaintiff names as Defendants (1) K. Harrington, KVSP Warden, (2) C. Lawless, KVSP Chief Deputy Warden, (3) P. Denney, KVSP Associate Warden, (4) R. Amaya, KVSP Correctional Sergeant.

Plaintiff was housed in a medium security (Level III) gym dormitory ("Gym") within the higher security (Level IV) KVSP facility, pursuant to KVSP Operational Procedure # 216 ("OP 216"), for a ten month period in 2011.

OP 216 is contrary to the housing guidelines at Cal. Code Regs. tit. 15 §§ 3270,

3272, 3371, 3375.1(a)), 3377, and California Department of Corrections, Department Operational Manual ("DOM") §§ 62010, 62010.5, denying him equal protection and due process, and subjecting him to safety risk from higher security inmates and double jeopardy (sic).

Plaintiff filed a 602 appeal of his housing status and the safety threat presented by higher security inmates. Defendants Amaya and Denney conspired and denied the appeal at the first level. Defendant Lawless conspired with the other Defendants and denied the appeal at the second level. The appeal was denied at the third level.

Defendant Warden Harrington failed to adequately train the Defendants and is responsible for their violations of Plaintiff's rights.

Plaintiff also claims his safety was placed at risk by a gas main in the Gym that was exposed to possible damage should bullets be fired by corrections staff.

Plaintiff seeks (1) a declaration Defendants conspired to violate his rights; (2) damages, and (3) an injunction preventing Defendants from harassing, retaliating, threatening, punishing, or harming him in any way.

## IV.   **ANALYSIS**

### A.   **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

> **B.**   **Linkage**

>> 1.   Inadequate Training - Defendant Harrington

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, a plaintiff must demonstrate that each defendant, through his or her own individual actions, violated plaintiff's constitutional rights. Id. at 676–77.

Plaintiff has not alleged any facts relating to Defendant Warden Harrington personally or suggesting Harrington acted to violate Plaintiff's rights.

-4-

C.    **Fourteenth Amendment**[1]

1.    Due Process[2]

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

a.    Liberty Interest

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the

---

[1] Plaintiff's Fourteenth Amendment claims are properly analyzed under the U.S. Constitution rather than the California Constitution. See Javor v. Taggart, 98 Cal.App.4th 795, 807 (Cal.App. 2 Dist. 2002) ("It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the state Constitution.").

[2] Plaintiff's due process claim is properly analyzed under the Fourteenth Amendment rather than the Fifth Amendment. The Fifth Amendment is not applicable in this context as its "due process clause only applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

Plaintiff does not identify any liberty interest or explain how he was deprived of a protected interest without procedural due process. Mere proximity to Level IV inmate housing and attending class with Level IV inmates alone does not suggest atypical and significant hardship. An inmate has no constitutional right to enjoy particular housing. "There is no constitutional right for a state prisoner . . . to be housed in a particular portion or unit of a correctional institution." Merriweather v. Reynolds, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing Olim v. Wakinekona, 461 U.S. 238 (1983). Nor does Plaintiff have a due process interest in avoiding more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005).

Plaintiff does not provide any facts regarding his classification and housing committee proceedings, the conditions imposed and determinations made by the committee or regarding any appeal therefrom and disposition of appeal. He does not describe the conditions in the Gym and yard, the effect on him of those conditions or any threat directed at him by Level IV inmates. He does not attribute any harm or injury to the housing assignment. He claims it ". . . kept him in constant exposure to [Level IV] inmates which jeopardized his safety." (ECF No. 8 at 5), but does not say how and why this is so. It appears Level IV inmates are prohibited from mixing with Level III inmates on the yard and in the Gym. Plaintiff does not explain why attending class with Level IV inmates is an imposition upon or a threat to him.

In summary, nothing before the Court suggests conditions of Level III Gym housing were more harsh than segregated and protective housing. Plaintiff fails to show OP 216 is inconsistent with or contrary to Title 15 and DOM housing guidelines. The

-6-

Court takes notice that Cal. Code Regs. tit. 15 § 3375.1(b) appears to allow for a subfacility within a higher security facility, and nothing in Cal. Code Regs. tit. 15 § 3377 and DOM 62010.5 preclude designating areas of a facility complex at different security levels or housing Level III inmates in other than cells.[3] It appears Plaintiff was assigned to "Medium A" custody (ECF No. 8 at Exh. A-1), which allows "housing in cells or dormitories within the facility secure perimeter". Cal. Code Regs. tit. 15 § 3377.1(a)(6). "An inmate approved for transfer to a subfacility of a complex may be received and processed through a facility with a security level higher than that which is consistent with the inmate's placement score." Cal. Code Regs. tit. 15 § 3375.1(b). "Where the state regulation is neither unreasonable nor arbitrary, the courts will not interfere with the administrative functions of state prisons." Brooks v. Wainwright, 428 F.2d 652, 653 (C.A. Fla. 1970).

Plaintiff's generalized and conclusory allegations fail to suggest OP 216 does not further legitimate penological purposes. Turner v. Safley, 482 U.S. 78, 89 (1987).

b.    Grievance Process

Plaintiff's allegation Defendants improperly denied his prison grievance(s) does not suggest a due process violation. In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850,

---

[3] Cal. Code Regs. tit. 15 § 3377 provides that "Each camp, facility, or area of a facility complex shall be designated at a security level based on its physical security and housing capability. . . The security levels are . . . (c) Level III facilities primarily have a secure perimeter with armed coverage and housing units with cells adjacent to exterior walls. (d) Level IV facilities have a secure perimeter with internal and external armed coverage and housing units described in section 3377(c), or cell block housing with cells non-adjacent to exterior walls." Plaintiff has not provided his referenced DOM § 62010 and the Court can not locate any such provision within the DOM.

860 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure.

Plaintiff claims Defendants violated his rights by denying his appeal of Gym housing. However, the appeal procedure does not create any due process rights nor does it entitle Plaintiff to any particular action by prison staff. Ramirez, 334 F.3d at 860 (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). Plaintiff's mere disagreement with actions of staff in reviewing his appeal and the appeal result is not actionable under § 1983. Id.

Plaintiff's due process claim fails for the reasons stated above.

2.    Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano, 345 F.3d at 1082, see also Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently (disparately) without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness, specifically whether the actions of prison officials are "reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004), citing Turner, 482 U.S. at 89. Although the Equal Protection Clause ensures similarly situated persons are treated alike, it does not ensure absolute equality. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), citing U.S. v. Devlin, 13 F.3d 1361, 1363 (9th Cir. 1994), citing Ross v. Moffitt, 417 U.S. 600, 612 (1974).

Plaintiff does not claim membership in a protected class. Instead he appears to claim that Defendants' denial of his 602 appeal concerning OP 216 caused him to be treated differently from other Level III inmates. However, Plaintiff has not demonstrated that OP 216 constitutes disparate treatment for the reasons stated above.

Plaintiff's equal protection claim fails.

**D.    Prison Regulations**

Regardless of whether Plaintiff could allege a violation of Title 15, an inmate has no independent right to sue for same. The existence of regulations governing the conduct of prison employees does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. There are several district court decisions holding that there is no such right. See e.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. Dec.28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Accordingly, Plaintiff has not stated and can not state a claim for violation of Title 15 regulations. See Chappell v. Perez, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011). Since no such right exists, leave to amend this claim would be futile and will be denied.

### E.    Eighth Amendment[4]

#### 1.    Deliberate Indifference

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 837, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence. Farmer, 511 U.S. at 832–33; see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[T]he official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw [n] the inference." Farmer, 511 U.S. at 837.

_____

[4] Plaintiff's Eighth Amendment claim is properly analyzed under the U.S. Constitution rather than the California Constitution. See Giraldo v. California Dep't of Corr. and Rehab., 168 Cal.App.4th 231, 253–57 (Cal.Ct.App. 2008), citing Katzberg v. Regents of the University of California, 29 Cal.4th 300, 329 (2002)) (there is no private cause of action for damages for violation of the cruel and unusual punishments clause of the California Constitution at article 1, section 17).

1

a.    Level IV Inmates

2     Plaintiff alleges that housing him in the Level III Gym within the KVSP Level IV

3  facility created a risk of harm which Defendants disregarded. However, he fails to allege

4  any facts showing how and why his Gym housing posed a substantial risk of harm. Mere

5  proximity to Level IV housing and inmates is not sufficient.

6

7     Plaintiff's failure to allege facts suggesting proximity to Level IV housing and

8  inmates posed a serious risk of harm to him rules out any deliberate indifference claim.

9

b.    Gas Main in Gym

10     Plaintiff alleges he participated in a group appeal "regarding the potential

11  dangerousness and hazardous positioning of a gas main openly exposed to possible

12  damage from bullets fired by [corrections staff]."[5] (ECF No. 8 at 5-6.) This alleged risk,

13  raised for the first time in the First Amended Complaint, appears based solely upon

14  Plaintiff's surmise and conjecture. Plaintiff does not explain the location and nature of

15  the gas main, why he believes corrections staff use of firearms will create a safety risk,

16

17  or the extent of any such risk.

18     Even if Plaintiff had sufficiently alleged a serious risk of harm, he fails to show

19  Defendants were aware of such risk and intentionally failed to take action. Significantly,

20  Plaintiff fails to explain CDCR's response to the group appeal and the final disposition

21

22  thereof.

23     Plaintiff does not suggest how any claimed risk presented by the gas main is

24  factually related to the alleged safety risk presented by Level IV inmates. Claims are

25  related when they are based on the same precipitating event or on a series of related

26

27     [5] This claim is supported only by a reference to an unidentified and unattached group 602.

events caused by the same precipitating event. Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2); see George v. Smith, 507 F.3d 605, 607 (7th Cir.2007). Unrelated claims involving multiple defendants belong in different suits. Id.

Finally, Plaintiff fails to allege any facts linking any of the named Defendants to the gas main claim. Plaintiff does not suggest how, if at all, any Defendant personally violated his rights concerning the gas main.

Plaintiff's claim of indifference concern the gas main is substantively deficient, unrelated to Level IV facility claims, and is not linked to any of the Defendants.

**F.     Fifth Amendment**

        1.     Double Jeopardy

The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.' " Kansas v. Hendricks, 521 U.S. 346, 369 (1997), quoting Witte v. United States, 515 U.S. 389, 396 (1995).

Plaintiff alleges Defendants subjected him to double jeopardy by denying his 602 appeal concerning Gym housing. This claim is made for the first time in the First Amended Complaint. However, the actions Plaintiff complains of relate to his classification and housing and do not impose a second punishment or new punitive measures for an offense.

Additionally, to the extent Plaintiff is attempting to plead a double jeopardy claim, his federal legal remedy lies in a writ of habeas corpus. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v.

Rodriguez, 411 U.S. 475, 485-86 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1990), cert. denied 11 S.Ct. 1090 (1991).

Plaintiff does not state a claim for violation of the Fifth Amendment prohibition against double jeopardy.

### G.    Conspiracy

To state a claim for conspiracy under § 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002).

Plaintiff alleges that each of the Defendants conspired to violate the constitutional rights discussed above. The Complaint is devoid of any factual allegations that demonstrate an agreement or meeting of the minds between the Defendants to violate Plaintiff's rights, and a violation of his rights. A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 152 (2nd Cir. 1987).

Plaintiff does not allege facts suggesting Defendants conspired to violate his rights.

### H.    Injunctive Relief

To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d

1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Plaintiff has transferred from KVSP, where the alleged rights violations took place, to Chuckawalla Valley State Prison, Blythe, California. (ECF No. 6.) As to Defendants, injunctive relief is moot unless, as is not the case here, there is an expectation that Plaintiff will be returned to their custody. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review.' " Preiser, 422 U.S. 395 at 403, quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911).

Plaintiff fails to state any cognizable federal claim for the reasons stated above. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles, 461 U.S. at 102; Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). Plaintiff has no case or controversy before the Court.

Nothing in the First Amended Complaint suggests real and immediate threat of injury. See City of Los Angeles, 461 U.S. at 101-102 (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Plaintiff's pleading does not suggest he is being denied federal rights.

Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin, 515 U.S. at 482-83 (disapproving the involvement of federal courts in the day-to-day-management of prisons).

Plaintiff's allegations do not support an entitlement to injunctive relief.

## I.   Declaratory Relief

With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

Plaintiff fails to state any federal claim. He is not entitled to a declaration his rights were violated.

-15-

**V.     CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint does not state a claim for relief under 42 U.S.C. § 1983. Plaintiff was advised in the original Screening Order of the deficiencies in his claims and the required corrections, and having been afforded any opportunity to correct has failed to state any cognizable claim. The claims newly added in the First Amended Complaint are deficient and can not be successfully amended. The Court sees no useful purpose in providing Plaintiff yet another opportunity to amend. Leave to amend is denied.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.     Plaintiff's First Amended Complaint (ECF No. 8) is DISMISSED for failure to state a claim, further amendment would be futile and is denied;

2.     This action is DISMISSED WITH PREJUDICE for failure to state a claim, dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); Silva v. Di Vittoria, 658 F.3d at 1009, 1098 (9th Cir. 2011); and

3.     Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:    June 23, 2013            /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE